IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNEDY EDWARDS,

    Petitioner,                  No. CIV S-08-2236 KJM

   vs.

D.K. SISTO, et al.,

    Respondents.           <u>ORDER</u>

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the filing fee.

        The instant petition challenges the April 12, 2007 denial of parole. However, on November 12, 2008, petitioner notified the court that a parole date was set following a hearing on November 6, 2008. He asks this current action "proceed regarding the parole issue and that its no need for your Court to pursuit the suitability of the Parole Board at this time. However, I am still challenging my Parole." Docket No. 9.

        The petition filed in this court contains three issues: (1) the Board of Parole Hearings violated petitioner's right to due process by denying parole based on the circumstances

/////

1  of his offense; (2) the Board violated his right to due process by relying on the unchanging, pre-
2  prison factors; and (3) the Board made an unreasonable determination of the facts.

3        A case is moot when it no longer presents a case or controversy.  The requirement
4  of a case or controversy subsists through all stages of federal judicial proceedings, trial and
5  appellate.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Thus, throughout the life of a litigation
6  matter, a habeas petitioner must have suffered, or be threatened with, an actual injury traceable
7  to the defendant and likely to be redressed by a favorable judicial decision.  Id.  "[A federal
8  action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court]
9  cannot grant any effectual relief whatever in favor of the [party seeking relief]."  Calderon v.
10 Moore, 518 U.S. 149, 150 (1996).

11       It appears that the Board's recent action renders this action moot because this
12 court will not be able to grant any effectual relief.  Accordingly, because petitioner asks to
13 continue with this action, he must demonstrate to the court that this action is not moot.

14       IT IS THEREFORE ORDERED that within thirty days of the date of this order,
15 petitioner show cause why this action should not be dismissed as moot.

16 DATED:  November 24, 2008.

                                             U.S. MAGISTRATE JUDGE

19 2
20 edwa2236.moot