# United States District Court
# Eastern District of California

| | |
|---|---|
| KENNEDY EDWARDS,　　　　　　　　　Petitioner,　　　v.　D.K. SISTO, Warden,　　　　　　　　　Respondent. | CIV S-08-2236 TJH　　　Order |

In 1990, Petitioner was convicted for second-degree murder and sentenced to fifteen years to life. His minimum parole eligibility date was December 29, 1999. After a parole consideration hearing on April 12, 2007, the California Board of Parole Hearings ("Board") found Petitioner unsuitable for parole. Petitioner filed *habeas corpus* petitions in California state courts, challenging the Board's parole denial. The state courts denied his petitions. Petitioner, then, filed for federal *habeas* relief. Since the *habeas* petition was filed in this Court, Petitioner has been released from prison to parole. Respondent, now, moves to dismiss on the grounds that Petitioner's claim for federal *habeas* relief is moot. Petitioner has not filed an opposition.

A *habeas* petition challenging the underlying conviction is not moot simply because the petitioner has been released from custody after filing the petition, no longer

satisfying the "in custody" requirement of the *habeas* statute. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43, 50-51 (1998). A case becomes moot when it no longer presents a case or controversy under Article III of the United States Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). Petitioner must have suffered, or be threatened with, throughout the litigation, an actual injury traceable to Respondent, which is likely to be redressed by a favorable decision. *Wilson*, 319 F.3d at 479. For a suit to be maintained, some collateral consequence, a concrete and continuing injury, of the conviction must exist. *Spencer*, 523 U.S. at 7. The presumption of collateral conse-quences does not apply to the revocation of parole. *Spencer*, 523 U.S. at 7.

Because Petitioner has been released on parole, Petitioner no longer suffers from the injury he alleged in his petition: a parole denial. Thus, there is no longer an actual injury that a favorable decision by this Court would redress. Furthermore, Petitioner has not alleged collateral consequences or applicable mootness exceptions to satisfy the case-or-controversy requirement. Accordingly, there is no actual case or controversy and Petitioner's petition for *habeas* relief is moot.

It is Ordered that the motion to dismiss be, and hereby is, Granted.

Date: December 19, 2012

_____

Terry J. Hatter, Jr.
Senior United States District Judge